**Ralph KOZAN, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

No. 82 C 6653.

United States District Court, N.D. Illinois, E.D.

Sept. 15, 1983.

---

Gordon & Gordon, Chicago, Ill., for plaintiffs.

Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants.

## ORDER

GRADY, District Judge.

This is an action by the administrators of the estates of a husband and wife who died from injuries suffered when their pleasure boat struck the shorearm extension of the Chicago Harbor breakwater in Lake Michigan. The United States has filed a motion to dismiss on the ground that this suit was not brought within the two-year statute of limitations under the Suits in Admiralty Act, 46 U.S.C. § 741 *et seq.* We grant that motion.

■  Plaintiffs concede that the suit was not brought within the two-year period but argue that the Suits in Admiralty Act does not apply to this case. If plaintiffs are correct, the longer limitations period in the Federal Tort Claims Act could apply instead.[1]

■  Plaintiffs' argument is based on opinions which hold that the Suits in Admiralty Act does not apply where the body of water on which the accident occurred was not used, or susceptible of being used, for commercial activity. *See, e.g. Chapman v. United States,* 575 F.2d 147 (7th Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978); *Adams v. Montana Power Company,* 528 F.2d 437 (9th Cir. 1975). From these cases plaintiffs argue that the Suits in Admiralty Act should not apply to this case because the Chicago Harbor and the Oak Street Breakwater (the specific parts of Lake Michigan where the accident occurred) are devoid of commercial activity.

Plaintiffs' argument would have us change the meaning of "waterway" or "body of water" to "specific part of waterway" or "specific part of body of water." The cases, however, do not support such a construction. Courts appear to be divided over whether, for purposes of admiralty jurisdiction, a body of water encompasses the water "from shoreline to shoreline," *see McCormick v. United States,* 680 F.2d 345, 347 (5th Cir.1982), and cases cited therein, or rather whether a body of water may be broken down into component parts, some being commercially navigable and others not, *see Marroni v. Matey,* 492 F.Supp. 340, 342 (E.D.Pa.1980). However, while certain cases hold that a body of water such as a river may be broken down into component parts, those cases involved fairly large, discrete parts of the body of water, for example where a river had been dammed into a lake, *see, e.g., Chapman, supra,* or where a

---

**1.** If the Suits in Admiralty Act applies, plaintiffs may not sue under the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(d). *See also Bearce v. United States,* 614 F.2d 556, 558 n. 2 (7th Cir.), *cert. denied,* 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980).

long stretch of a river could not be commercially navigated, *see, e.g., Marroni, supra.* We have been unable to find a case, and plaintiffs have not cited us one, where it was held that the Suits in Admiralty Act did not apply because a small harbor or breakwater area of a body of water was not used for commercial purposes. Although the Seventh Circuit has not specifically addressed this narrow issue, we note that in *Bearce v. United States,* 614 F.2d 556 (7th Cir.), *cert. denied,* 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980), the court held in an action involving the same breakwater as was involved here that the plaintiffs' actions arose under the Suits in Admiralty Act rather than the Federal Tort Claims Act.

We therefore hold that the Suits in Admiralty Act does apply to this case. Since plaintiffs' suit was filed more than two years after the accident occurred, the suit is barred by the statute of limitations. Defendant United States' motion to dismiss is granted.

Further, although the motion to dismiss was brought only by the United States, the claims against the other defendants, which are agencies of the United States, would also be time-barred. Accordingly, we dismiss the suit in its entirety.